UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KENYATTA KELLY**                                               **CIVIL ACTION**

**VERSUS**                                                       **NO. 18-263-SDD-RLB**

**BRETT STASSI, IBERVILLE PARISH**
**SHERIFF**, *ET AL.*

## RULING

Before the Court is the *Motion in Limine*[1] filed by Defendants, Sheriff Brett Stassi ("Sheriff Stassi") and Agent Mark Cooper ("Agent Cooper")(collectively, "Defendants"). Plaintiff Kenyatta Kelly ("Kelly" or "Plaintiff") opposes the *Motion*.[2] After considering the parties' briefs and documentary submittals on this matter, the Court determines that a hearing is not necessary. For the following reasons, the Defendants' *Motion* shall be GRANTED.

Defendants do not move to exclude the proposed opinion testimony of Grafton in its entirety, but rather seek to exclude specific opinions, statements, and commentary. In opposition to the *Motion in Limine*, Plaintiff argues that Grafton is qualified by skill, experience, education, and training to give opinion testimony.[3] Plaintiff further argues that in arriving at his opinions, Grafton relied on sufficient facts and data and used methodology guided by reliable principles as applied to the facts.

Opinion testimony is admissible under the Federal Rules of Evidence if it is relevant and reliable.[4] Succinctly stated, opinion testimony may be permissible if (1) the witness is

---

[1] Rec. Doc. No. 28.
[2] Rec. Doc. No. 29.
[3] *Id.* at pp. 1-3; Rec. Doc. 28-2.
[4] Fed. R. Evid. 401, 403, and 702.

qualified as an expert by knowledge, skill, experience, training, or education, (2) the expert's reasoning or methodology underlying the testimony is sufficiently reliable, and (3) the testimony is relevant.[5]

This case arises out of an encounter between Iberville Sheriff's Office personnel and Plaintiff, who was a passenger in a vehicle driven by Gregory Hardin on March 10, 2017. Agent Cooper shot Plaintiff in the elbow during a traffic stop, believing that Hardin's accelerating car posed a threat to himself and his fellow officers. Defendants first move to exclude Grafton's statements and commentary regarding the way the deputies parked their vehicles and approached Hardin's vehicle. Specifically, Defendants seek to exclude the following statements contained in Grafton's report:

- "Law enforcement officers are trained to approach in a manner that they will not be in the path of the vehicle,"
- "Courts have ruled that a law enforcement officer cannot place himself in a position that if a vehicle moves the officer can fire his weapon and claim self-defense," and
- "Agent Cooper knew Hardin had fled in the past and could flee again."

Defendants argue that the officer's approach to the vehicle is irrelevant to the issue of whether the force used by officers was excessive and thus unconstitutional. Plaintiff counters that "[t]he tactical approach of the Hardin vehicle has relevance as to whether the officers were at risk of serious bodily injury."[6] Plaintiff misses the mark. Operational errors by law enforcement cannot be used as evidence that the officers created the need

---

[5] Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharma., Inc.*, 509 U.S. 579 (1993).
[6] Rec. Doc. No. 29, p. 22.

to use excessive force.⁷ As noted by a sister Court in this Circuit, "[h]ow and why [the officer] was there [is] irrelevant. The question is, once there, was [the] use of force reasonable?"⁸ In short, the officers' alleged violation of department policies or best practices is not dispositive of the reasonableness of the force used. The *Motion* to exclude the statements that "[l]aw enforcement officers are trained to approach in a manner that they will not be in the path of the vehicle," and that "[c]ourts have ruled that a law enforcement officer cannot place himself in a position that if a vehicle moves the officer can fire his weapon and claim self-defense" is GRANTED. The motion to exclude the statement that "Agent Cooper knew Hardin had fled in the past and could flee again" is GRANTED for the same reasons. The officers' purported knowledge of Mr. Hardin's past conduct is irrelevant to the inquiry of whether the officer was faced with circumstances at the scene which justified the force employed.

Next, Defendants seek to exclude Grafton's statements and opinion that Cooper was not about to be run over by the vehicle, and statements that conclude or opine that Cooper was standing to the front driver's side of the vehicle. Plaintiff concedes "that an opinion that Cooper was not about to be run over is not an acceptable opinion."⁹ With respect to Grafton's opinion about where Cooper was standing at the time of the shooting, Defendants maintain that Grafton lacks the qualifications to render such an opinion. Defendants argue that Grafton "is not a crime scene reconstructionist or a scientist, he is

---

⁷ *Malbrough v. Stelly*, 814 F. App'x 798, 803 (5th Cir. 2020)("And we have rejected the idea that a police officer uses excessive force simply because he has "manufactured the circumstances that gave rise to the fatal shooting").
⁸ *Waller v. City of Fort Worth Texas*, 515 F.Supp.3d 577, 585 (N.D.Tex. 2021), citing, *inter alia*, *Harris v. Serpas,* 745 F.3d 767, 772 (5th Cir. 2014) ("Importantly, the inquiry focuses on the officer's decision to use deadly force, therefore 'any of the officer's actions leading up to the shooting are not relevant for the purposes of an excessive force inquiry in [the Fifth] Circuit.'); *See* other citations to Fifth Circuit authority at 515 F.Supp.3d 577, 585, Note 2.
⁹ Rec. Doc. No. 29, p. 23.

a purported expert on policies and procedures."[10] The Plaintiff counters that an expert may rely upon "the trajectory study by the Louisiana State Police. . . the vehicle examination worksheet (Exh. 24), the photographs (Exh. 27) and other materials from the state police evidence."[11] Grafton opines that "[t]he force used by Deputy Mark Cooper was [not] reasonable or necessary."[12]  "An officer's use of deadly force is not excessive, and thus no constitutional violation occurs, when the officer reasonably believes that the suspect poses a threat of serious harm to the officer or to others."[13] Deputy Cooper contends that after making the traffic stop, and as Cooper approached Hardin's vehicle "[Hardin] mashed on the accelerator, started coming towards me, and that's when I fired off two rounds"[14] and that he (Cooper) was "almost towards the center of [Hardin's] vehicle."[15]

The Court finds that Grafton's opinion of where Cooper was standing at the time that he fired will not assist the jury in deciding a fact in issue. The jury can decide this dispute of fact from the evidence, such as the trajectory study by the Louisiana State Police, the vehicle examination worksheet, the photographs and other materials from the state police investigation file. An opinion by Grafton supplants the jury's fact-finding and is not necessary nor helpful to the trier of fact and is thus excluded. The Defendants' *Motion in Limine* to exclude Grafton's opinion that Agent Cooper was standing to the front driver's side of the vehicle at the time he fired is GRANTED.

Defendants also move to exclude Grafton's statements suggesting that Agent Fabre witnessed an event causing him to question the judgment of Agent Cooper. On page

---

[10] Rec. Doc. No. 28-1, p. 3.
[11] Rec. Doc. No. 29, p. 23.
[12] Rec. Doc. 28-2, p. 10.
[13] *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009).
[14] Rec. Doc. 28-2, p. 7.
[15] *Id.* at p. 6.

8 of his report, Grafton states, "It is my opinion that Agent Fabre witnessed an event that he questioned the judgment of Agent Cooper in firing the two shots."[16] Grafton shall be excluded from opining as to Agent Fabre's state of mind. The *Motion in Limine* to exclude this statement is GRANTED. Likewise, Grafton's statements and commentary regarding the fact that Agent Mire was not armed during the incident will be excluded. Grafton opines that:

> There was also the testimony of Narcotic Officer Tyson Mire that when he got out of the police unit at the felony traffic stop, he did not have a firearm because he had forgotten it. This action by Agent Mire is unexplainable and violates all caution and responsible law enforcement.[17]

The *Motion in Limine* is GRANTED as to this statement/ opinion. Agent Mire's status, whether armed or not, is irrelevant to the inquiry of excessive use of force by Cooper.

Additionally, Defendants object to Grafton's opinion and commentary that the force used by Agent Cooper was not reasonable or necessary. To prevail on a Fourth Amendment excessive use of force claim, the plaintiff must prove that the plaintiff "suffered (1) an injury; (2) which resulted directly from a use of force that was clearly excessive to the need; and (3) the force used was objectively unreasonable."[18] Defendants argue that Grafton's opinion "as to whether Defendants violated the Fourth Amendment is irrelevant" . . . and "should also be excluded under Rule 704 because it is an impermissible conclusion of law."[19] In response, "Plaintiff assures the Court that Dr. Grafton will not opine that Deputy Cooper used "excessive force. . .[But will] opine that the force was used in

---

[16] Rec. Doc. No. 29-8, p. 8.
[17] *Id.*
[18] *Luna v. Mullenix,* 773 F.3d 712, 719 (5th Cir. 2014); *See also Goodson v. City of Corpus Christi,* 202 F.3d 730, 740 (5th Cir. 2000).
[19] Rec. Doc. No. 28-1, p. 4.

violation of established police practices and training."[20] It may be that law enforcement policies and best practices are not within the purview and common understanding of the average lay juror. However, violation of a policy, or conduct that is inconsistent with best practices, has no direct causal link to the officer's at the moment decision-making vis-a-vis the force used. "[T]he question is whether the officer had reason to believe, at that moment, that there was a threat of physical harm."[21]  The "reasonableness of an officer's use of deadly force is ... determined by the existence of a credible, serious threat to the physical safety of the officer or to those in the vicinity."[22]  "The excessive force inquiry is confined to whether the [officer] was in danger at the moment of the threat that resulted in the [officers] shooting [of the plaintiff]."[23] Accordingly, the *Motion in Limine* is GRANTED on this point. For the same reasons, the *Motion in Limine* to exclude Grafton's opinions that the force used violated the IPSO Use of Force Policy is GRANTED.

## CONCLUSION

For the reasons stated above, Defendants' *Motion in Limine*[24] is hereby GRANTED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>January 27, 2022</u>.

*[signature]*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[20] Rec. Doc. No. 29, p. 24.
[21] *Luna v. Mullenix,* 773 F.3d 712, 719 (5th Cir. 2014)(citing *Thompson v. Mercer,* 762 F.3d 433, 440 (5th Cir. 2014)).
[22] *Hathaway v. Bazany,* 507 F.3d 312, 320 (5th Cir. 2007).
[23] *Bazan ex rel. Bazan v. Hidalgo County.,* 246 F.3d 481, 493 (5th Cir. 2001).
[24] Rec. Doc. No. 28.